[No. 82957-8.   En Banc.]
Argued January 20, 2011.      Decided March 22, 2012.

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL ALFRED
POSEY, JR., *Petitioner*.

*Stephanie C. Cunningham*, for petitioner.

*James P. Hagarty, Prosecuting Attorney*, and *Kenneth L. Ramm Jr., Deputy*, for respondent.

¶1 J.M. JOHNSON, J. — The question in this case is whether legislation relating to juvenile courts can deprive the superior courts of their constitutional jurisdiction. Article IV, section 6 of the state constitution vests in the superior courts jurisdiction "in all criminal cases amounting to felony . . . ." We hold the legislature does not have the power to alter this constitutional grant of felony jurisdiction. We thus affirm the sentence imposed in this case.

¶2 At 16 years of age, Daniel A. Posey Jr. committed two counts of rape in the second degree. A jury convicted Posey, and the superior court sentenced him as an adult. On direct review, we remanded Posey's case with instructions that a juvenile court sentence him. Prior to the mandate of our decision, Posey turned 21 years old.

¶3 On remand, Posey challenged the juvenile court's authority to sentence him. The presiding judge agreed. Subsequently, acting in her role as a superior court judge, the trial court sentenced Posey as an adult but imposed a sentence consistent with the standard juvenile range. Posey appeals his sentence, arguing that by operation of statute, neither the juvenile court nor the superior court had jurisdiction to sentence him for his crimes. We disagree and affirm the Court of Appeals' decision upholding the sentence imposed upon Posey.

FACTS AND PROCEDURAL HISTORY

¶4 In 2003, 16-year-old Posey was charged in Yakima County Juvenile Court with three counts of second degree

rape and one count of first degree assault while armed with a firearm. Because the first degree assault charge was classified as a " '[s]erious violent offense' " under former RCW 9.94A.030(37)(a)(v) (2002), the juvenile court automatically declined jurisdiction over Posey pursuant to RCW 13.04.030(1)(e)(v)(A) and transferred the case to the Yakima County Superior Court.

¶5 The matter proceeded to trial in the Yakima County Superior Court. The jury found Posey guilty of two counts of second degree rape. The jury acquitted Posey on the count of first degree assault and one count of second degree rape. The trial judge sentenced Posey under the adult sentencing guidelines to two concurrent terms of life in prison with a minimum term of 119 months of confinement.

¶6 Posey appealed to the Court of Appeals, claiming that the superior court did not have jurisdiction to sentence him as an adult after his acquittal on first degree assault, the charge that led the juvenile court to automatically decline jurisdiction. The Court of Appeals rejected this argument and affirmed Posey's judgment and sentence. *State v. Posey*, 130 Wn. App. 262, 122 P.3d 914 (2005).

¶7 Posey thereafter obtained review in this court. We affirmed Posey's convictions but reversed the Court of Appeals. *State v. Posey*, 161 Wn.2d 638, 647, 167 P.3d 560 (2007) (*Posey* I). We remanded the matter "to juvenile court for further proceedings." *Id.* at 649. The mandate for our opinion issued on October 16, 2007, less than a month after Posey turned 21 years of age.

¶8 A few months later, the Yakima County Juvenile Court conducted a sentencing hearing on remand. Yakima Superior Court Judge Susan Hahn presided over the hearing in her capacity as a judge of the Yakima County Juvenile Court. Posey's counsel moved to dismiss "the matter," arguing that the juvenile court was without jurisdiction to sentence him because Posey was now 21 years old. Clerk's Papers at 15. Judge Hahn agreed that the juvenile court no longer had jurisdiction over Posey due to his age

but indicated that she would "forget, for a moment," that she was sitting in juvenile court and would "transform the room and the judge into a [s]uperior [c]ourt . . . and sentence [Posey], right now, to a standard range sentence, according to the Juvenile Justice Act[ of 1977, ch. 13.40 RCW]." Verbatim Report of Proceedings at 30. Judge Hahn then imposed a juvenile standard range disposition of 60 to 80 weeks. The judge also entered a protection order and sex offender notice of registration requirements.

¶9 Posey appealed this sentence to the Court of Appeals. In response, the State filed a motion on the merits. A commissioner at that court granted the motion and a panel of that court denied Posey's motion to modify. We granted Posey's petition for review.

ANALYSIS

¶10 We affirm the Court of Appeals. We hold that the legislature cannot deprive the superior courts of their constitutional jurisdiction over felony offenses. The legislature may designate special sessions of the superior court to adjudicate juvenile cases. However, where a statute prohibits the juvenile session from adjudicating the case, the superior court retains its constitutional jurisdiction over felony offenses.

A. The Constitutional Framework

¶11 In adopting Washington Constitution article IV, section 6, the people of this state granted the superior courts original jurisdiction "in all criminal cases amounting to felony" and in several other enumerated types of cases and proceedings. In these enumerated categories where the constitution specifically grants jurisdiction to the superior courts, the legislature cannot restrict the jurisdiction of the superior courts. *See Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 418, 63 P.2d 397 (1936). Even though the legislature cannot restrict the *enumerated* jurisdiction of

the superior courts, it can promulgate laws that govern procedures as to which "sessions" of the superior court will hear certain types of cases. *See* WASH. CONST. art. IV, § 5 ("In any county where there shall be more than one superior [court] judge, there may be as many sessions of the superior court at the same time as there are judges thereof . . . . [T]he business of the court shall be so distributed and assigned by law . . . ."); *see also State ex rel. Campbell v. Superior Court*, 34 Wn.2d 771, 775, 210 P.2d 123 (1949).

¶12 Article IV, section 6 also grants the superior courts *residual* jurisdiction over nonenumerated cases and proceedings, providing that superior courts "shall *also* have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court . . . ." (Emphasis added.) It is with respect to cases and proceedings that fall within the residual jurisdiction of the superior courts that the legislature can vest exclusive jurisdiction in an alternative forum. For example, by limiting the common law tort claims of injured workers and creating administrative procedures and enhanced remedies under the Industrial Insurance Act, Title 51 RCW, the legislature effectively modified the role of the superior courts over such claims. *See* LAWS OF 1911, ch. 74; *see also Lidke v. Brandt*, 21 Wn.2d 137, 139, 150 P.2d 399 (1944); *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003).

## B. Juvenile Court Jurisdiction

¶13 The State of Washington's earliest juvenile legislation recognized that the superior courts possessed original jurisdiction over juvenile cases. *See* LAWS OF 1905, ch. 18, § 2. However, the "sessions" of the superior court handling juvenile cases were designated as the " 'Juvenile Court.' " *Id.* § 3. This same assignment of juvenile cases held true throughout subsequent revisions of the legislation governing juvenile courts and cases. *See, e.g.*, LAWS OF 1913, ch. 160, § 2; LAWS OF 1937, ch. 65, § 1. Likewise, our case law interpreted the

juvenile court legislation as a special "session" of the superior court that the legislature directed to preside over juvenile cases pursuant to article IV, section 5 of the state constitution. *See Campbell*, 34 Wn.2d at 775; *Dillenburg v. Maxwell*, 70 Wn.2d 331, 352, 413 P.2d 940, 422 P.2d 783 (1966).

¶14 In 1977, the legislature added the language in RCW 13.04.030(1), which grants the juvenile courts "exclusive original jurisdiction" over all juvenile proceedings. Laws of 1977, 1st Ex. Sess., ch. 291, § 4. We interpreted the effect of these changes in *State v. Werner*, 129 Wn.2d 485, 496, 918 P.2d 916 (1996). We held that "under Article IV, § 6, the Legislature *has not* vested jurisdiction exclusively in some court other than the superior court by enacting RCW 13.04.030 because the juvenile court is a division of the superior court, not a separate court." *Id.* at 493 (emphasis added).

¶15 Further, we explained that the legislature *could not* divest the superior courts of their criminal jurisdiction over juveniles. *Id.* at 496. We stated:

The only remaining argument . . . is that the creation of juvenile courts by statute somehow constrained the power of a superior court . . . . That argument fails. This Court has resolutely resisted legislative attempts to restrict its constitutional authority:

. . . [T]he courts are not required to recognize a legislative restriction which has the effect of depriving them of a constitutional grant or of one of their inherent powers. *What the legislature has not given, it cannot take away.*

*Id.* (emphasis added) (last alteration in original) (quoting *Blanchard*, 188 Wash. at 418).

¶16 Admittedly, our prior jurisprudence discussing juvenile court jurisdiction is not a model of clarity. *See Dillenburg*, 70 Wn.2d at 353 ("When, then, we spoke of 'surrender of jurisdiction' and 'jurisdiction' in reference to juvenile and superior court proceedings in our original

138

opinion in this case, we were not accurately using the word 'jurisdiction' in its true juridical and traditional sense."). *Werner*'s own discussion of the " 'three jurisdictional elements in every valid judgment' " further confused the issue. *Werner*, 129 Wn.2d at 493 (quoting *In re Marriage of Little*, 96 Wn.2d 183, 197, 634 P.2d 498 (1981)).[1]

¶17 *Werner* distinguished between " 'three jurisdictional elements in every valid judgment, namely, jurisdiction of the subject matter, jurisdiction of the person, and the power or authority to render the particular judgment.' " *Id.* (quoting *Little*, 96 Wn.2d at 197 (citing 1 A.C. FREEMAN, A TREATISE OF THE LAW OF JUDGMENTS § 226 (5th ed. rev. 1925))). The opinion's distinction between "jurisdiction of the subject matter" and "the power or authority to render the particular judgment" rests on an antiquated understanding of subject matter jurisdiction. *Compare* 1 FREEMAN, *supra*, § 226, *with* RESTATEMENT (SECOND) OF JUDGMENTS § 11 (1982).[2] It is not even clear that the precedents relied on by *Werner*

---

[1] In dicta, the *Werner* opinion stated that "[t]he issue, then, is not whether the adult division of the [superior court] had the power to hear and determine the charges against [the juvenile]. It did not." *Werner*, 129 Wn.2d at 494. However, *Werner* also affirmed that the superior court maintained constitutional subject matter jurisdiction over juvenile criminal cases. *Id.* at 493. *Werner*'s distinction between a court's subject matter jurisdiction and its "power to hear and determine" a criminal case is not entirely clear and thus provides limited value as precedent.

[2] *Werner* relied on *Little* for the assertion that every valid judgment contains three jurisdictional elements. *Werner*, 129 Wn.2d at 493 (quoting *Little*, 96 Wn.2d at 197). *Little* relied on a legal treatise from the early 20th century to establish this proposition. *Little*, 96 Wn.2d at 197 (citing 1 FREEMAN, *supra*, § 226). The legal treatise gives illustrative examples of cases invalidating judgments that fail to satisfy all three of the jurisdictional elements. 1 FREEMAN, *supra*, § 226 n.17.

One example the treatise cites is *Grannis v. Superior Court*, 146 Cal. 245, 79 P. 891 (1905). In *Grannis*, a California statute prohibited courts from entering a final divorce decree until one year after the entry of an interlocutory decree. *Id.* at 247. The California Supreme Court held that a divorce decree that failed to comply with these statutory prerequisites was void. *Id.* at 252. The court reached this conclusion even though the superior court had subject matter and personal jurisdiction. *Id.* at 247. As *Grannis* illustrates, the third jurisdictional element contemplated by Freeman refers to procedural requirements that a court must follow before entering a valid judgment.

Freeman's jurisdictional analysis is inadequate. Modern treatises do not distinguish three jurisdictional elements. Rather, modern commentators distinguish

recognized such a distinction. *See Little*, 96 Wn.2d at 197 ("We have found no case holding that trial procedural requirements, such as the time for deciding issues, are jurisdictional."). Unfortunately, *Werner* is not our only opinion embracing this antiquated distinction. *See In re Pers. Restraint of Dalluge*, 152 Wn.2d 772, 783, 100 P.3d 279 (2004).

■ ¶18 Our prior opinion discussing Posey's own case also involved an idiosyncratic use of the term "jurisdiction." *See generally Posey* I, 161 Wn.2d 638. Two reasons suggest that *Posey* I used the term "jurisdiction" in an uncharacteristic way. First, a court's jurisdiction *cannot* hinge on the result it reaches. " 'Jurisdiction means the power to hear and determine.' " *Werner*, 129 Wn.2d at 493 (quoting *State ex rel. McGlothern v. Superior Court*, 112 Wash. 501, 505, 192 P. 937 (1920)). It is conceptually incoherent to suppose that a court's power to determine a case depends on its determination in the case.[3] Second, we *affirmed* Posey's conviction. *Posey* I, 161 Wn.2d at 649. If the superior court truly lacked jurisdiction to decide Posey's case, his conviction too would have been a nullity. However, we upheld Posey's conviction and remanded for resentencing. *Id.*[4]

---

between mere legal errors and errors affecting a court's subject matter jurisdiction. *See* Restatement (Second) of Judgments § 11.

Failure to comply with Title 13 RCW's procedural provisions does not impact the subject matter jurisdiction of the superior courts. The subject matter jurisdiction of the superior courts over juvenile offenders derives from article IV of the state constitution. *Werner*, 129 Wn.2d at 493; *In re Per. Restraint of Dalluge*, 152 Wn.2d 772, 783, 100 P.3d 279 (2004). The legislature cannot restrict a superior court's constitutional jurisdiction. *Werner*, 129 Wn.2d at 496. Additionally, *Little* itself expressly rejects the view that mere procedural errors strip a superior court of jurisdiction. *See Little*, 96 Wn.2d at 197 ("We have found no case holding that trial procedural requirements, such as the time for deciding issues, are jurisdictional."). For these reasons, we do not adopt the inadequate jurisdictional analysis announced by Freeman.

[3] We do not however question the unproblematic assertion that a court is competent to determine its own jurisdiction. *See* Restatement (Second) of Judgments § 11.

[4] Our remand for resentencing in the juvenile court was based on the assumption that Posey remained a juvenile. *Posey* I, 161 Wn.2d at 641.

¶19 The juvenile courts are properly understood, jurisdictionally, as a separate division of the superior courts. *See Campbell*, 34 Wn.2d at 775; *Dillenburg*, 70 Wn.2d at 352-53; *Werner*, 129 Wn.2d at 492; *In re Boot*, 130 Wn.2d 553, 561 n.4, 925 P.2d 964 (1996). By adopting RCW 13.04.050, the legislature *did not* deprive the superior courts of their original jurisdiction over crimes committed by juveniles. *Werner*, 129 Wn.2d at 493. The legislature *cannot* deprive the superior courts of constitutional jurisdiction over crimes committed by juveniles. *Id.* at 496. Where our precedents contain language at odds with the constitutional powers of the superior courts, the constitution prevails.

C. The Superior Court Retained Jurisdiction To Sentence Posey

¶20 A jury convicted Posey of two counts of rape in the second degree. *Posey I*, 161 Wn.2d at 641. Second degree rape is a felony offense. RCW 9A.44.050(2). The Yakima County Superior Court has jurisdiction over felony offenses. Wash. Const. art. IV, § 6. Therefore, the Yakima County Superior Court possessed jurisdiction to sentence Posey.

¶21 Posey argues that *no* court had jurisdiction to sentence him. He contends that because the jury found him not guilty of the first degree assault charge, the superior court lacked jurisdiction. As authority for this point, he cites this court's previous opinion in this case. *See Posey I*, 161 Wn.2d at 647. Posey further contends that the juvenile court lacked jurisdiction over him due to RCW 13.40.300(3), which states that "[i]n no event may the juvenile court have authority to extend jurisdiction over any juvenile offender beyond the juvenile offender's twenty-first birthday."

¶22 This argument fails. The superior court always retains its jurisdiction over felony offenses. This jurisdiction derives directly from the constitution. *See* Wash. Const. art. IV, § 6. The legislature by statute cannot alter the constitutional jurisdiction of the superior courts. *Werner*, 129 Wn.2d at 496.

¶23  Posey's argument wrongly assumes that the juvenile court and the superior court are different courts with different jurisdictional requirements. Juvenile courts are not separate and distinct from superior courts. Properly understood, "the superior court, sitting in juvenile court 'session,' grants to prosecuting officials the 'authority to proceed,' in an appropriate case, with the criminal prosecution of a child under 18 years of age." *Dillenburg*, 70 Wn.2d at 353. If a particular judge receives the designation of " 'juvenile court judge,' " "the other departments of the superior court in that county do not lose jurisdiction in . . . juvenile court matters." *Campbell*, 34 Wn.2d at 775. "[U]nder Article IV, § 6, the Legislature has not vested jurisdiction exclusively in some court other than the superior court by enacting RCW 13.04.030 because the juvenile court is a division of the superior court, not a separate court." *Werner*, 129 Wn.2d at 493.

¶24  Long established precedents from this court recognize that juvenile courts are simply departments (or divisions) of the superior courts. *See Campbell*, 34 Wn.2d at 775; *Dillenburg*, 70 Wn.2d at 352-53; *Werner*, 129 Wn.2d at 492; *Boot*, 130 Wn.2d at 561 n.4. The legislature has acknowledged this. *See* RCW 13.04.021(1) ("The juvenile court shall be a division of the superior court.").

¶25  The constitution grants the superior courts original jurisdiction "in all criminal cases amounting to felony . . . ." WASH. CONST. art. IV, § 6. The legislature *cannot* rescind this constitutional jurisdiction or vest it exclusively in another court. *Werner*, 129 Wn.2d at 496. Because the superior court's jurisdiction derives from the constitution, and the juvenile session lacked statutory authority to act in Posey's case, the superior court retained jurisdiction to sentence him for his crimes.

CONCLUSION

¶26  The constitution grants jurisdiction to the superior courts "in all cases amounting to felony . . . ." WASH. CONST.

art. IV, § 6. By later legislation, a separate division of the superior courts adjudicates cases involving juveniles. Title 13 RCW *does not* alter the constitutional felony jurisdiction of a superior court. *Werner*, 129 Wn.2d at 493. Moreover, the legislature does not have the power to alter the constitutional jurisdiction of a superior court under article IV. *Id.* at 496. Where a person is no longer subject to the procedures governing juvenile adjudications, the superior court retains such constitutional jurisdiction. We affirm the Court of Appeals decision upholding the sentence imposed against Posey by the Yakima County Superior Court.

C. JOHNSON, CHAMBERS, OWENS, FAIRHURST, STEPHENS, and WIGGINS, JJ., concur.

¶27 MADSEN, C.J. (dissenting) — Although I agree with the majority that the superior court has residual jurisdiction to sentence Daniel Alfred Posey Jr., I cannot endorse the trial court's decision to apply the juvenile sentencing range. Because Posey has reached the age of majority, the underlying goals and purpose of the Juvenile Justice Act of 1977 are no longer served and he should be sentenced to the adult range.

Analysis

¶28 Article IV, section 6 of the Washington State Constitution grants superior courts residual jurisdiction in "all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." Although the legislature may govern which "sessions" of the superior court may hear which types of cases, and the juvenile court is one such session, the juvenile court is a division of the superior court. CONST. art. IV, § 5; LAWS OF 1905, ch. 18, § 3; *State v. Werner*, 129 Wn.2d 485, 492, 918 P.2d 916 (1996). Therefore, even though by statute only the juvenile session has the power to hear and determine

certain juvenile matters, its ultimate authority originates in the superior court's article IV, section 6 jurisdiction over felony offenses. The majority is correct to conclude that the superior court has residual jurisdiction in this case.

¶29 However, because the unique purposes of the juvenile system could no longer be served after Posey reached the age of majority, the superior court should have imposed a sentence using the adult sentencing guidelines. *See In re Pers. Restraint of Smiley*, 96 Wn.2d 950, 953-54, 640 P.2d 7 (1982) (extended jurisdiction of juvenile court has the purpose of " 'provid[ing] juvenile courts with a rehabilitative post-majority dispositional alternative' " (quoting *State v. Binford*, 90 Wn.2d 370, 374, 582 P.2d 863 (1978))).

¶30 The Juvenile Justice Act provides for "necessary treatment, supervision, and custody for juvenile offenders" while still holding juveniles responsible for their actions. RCW 13.40.010(2)(c), (f). The system is specifically designed to respond to the needs of youthful offenders and their victims. RCW 13.40.010(2). The act ensures that punishment takes into consideration the age, crime, and criminal history of the juvenile offender. RCW 13.40-.010(2)(d). Although both the juvenile and adult justice systems serve the purpose of punishing wrongdoers, the juvenile system alone makes rehabilitation an equally important goal and also seeks to keep children out of adult facilities. *See Smiley*, 96 Wn.2d at 953-54. There is, however, no constitutional right to be tried in a juvenile court. *In re Pers. Restraint of Dalluge*, 152 Wn.2d 772, 784 n.8, 100 P.3d 279 (2004).

¶31 Because Posey has reached the age of majority, he may no longer benefit from juvenile rehabilitation, would not be a child out of place in an adult facility, and is not of an age requiring any other sort of special treatment. *See id.* As Posey himself argues, through operation of the extended jurisdiction statute, juvenile jurisdiction may extend beyond when a defendant reaches age 18 but not past age 21. RCW 13.40.300(3). When Posey was sentenced in Yakima

County Superior Court, he was over the age of 21. Once Posey turned 21, the juvenile court, specifically empowered to carry out the goals of the Juvenile Justice Act, lacked jurisdiction to impose a juvenile sentence and was required to dismiss for lack of jurisdiction without imposing sentence. RCW 13.40.300(3) ("In no event may the juvenile court have authority to extend jurisdiction over any juvenile offender beyond the juvenile offender's twenty-first birthday except for the purpose of enforcing an order of restitution or penalty assessment."); *see also Young v. Clark*, 149 Wn.2d 130, 133, 65 P.3d 1192 (2003). In these circumstances, the juvenile court could not exercise extended jurisdiction because it lacked any jurisdiction at all.

¶32 Although the purposes of accountability and punishment are tempered by and at times must give way to the purposes of responding to the needs of the juvenile, the termination of juvenile jurisdiction marks an end to the juvenile system's emphasis on rehabilitation as well as its special sentencing provisions. *See State v. J.A.*, 105 Wn. App. 879, 886, 20 P.3d 487 (2001); RCW 13.40.300, .0357. Accordingly, there is no basis for applying a juvenile sentence to serve rehabilitative purposes.

¶33 In addition, there is no due process bar to sentencing Posey to an adult sentence. When an individual commits a crime as a juvenile and comes of majority age while her case is still making its way through the criminal justice system, that individual is thereafter treated as an adult, unless she can show the State violated her due process rights by negligently or intentionally causing delay. *State v. Lidge*, 111 Wn.2d 845, 848, 765 P.2d 1292 (1989) (finding constitutional the decision to refer defendant to the adult division when insufficient time remained to bring charges in juvenile court before he turned 18); *State v. Brewster*, 75 Wn.2d 137, 449 P.2d 685 (1969) (concluding that no due process violation resulted when defendant was charged as a minor but subsequently reached the age of majority and was tried and sentenced as an adult).

¶34 Here, Posey makes no argument that the State caused any undue delay, either intentionally or negligently, and accordingly has failed to show a due process violation that would necessitate a juvenile sentence. Because the juvenile court lost jurisdiction and sentencing Posey as an adult would not pose a due process problem, Posey should have been sentenced as an adult.

¶35 The majority provides no explanation for how the interests of justice would be furthered by sentencing an adult to a juvenile sentence or why it would make sense to sentence Posey under the Juvenile Justice Act after determining that the act's jurisdictional requirement was not satisfied. The majority also fails to provide any precedent for imposing a juvenile sentence after a defendant has reached the age of majority. Instead, the majority decouples a juvenile sentence from both the jurisdictional requirement that a defendant be a juvenile and the underlying principles that justify a juvenile sentence. Because the juvenile court has lost jurisdiction, and the special purposes of the Juvenile Justice Act can no longer be advanced, I would sentence Posey according to the adult sentencing guidelines.

¶36 ALEXANDER, J.[*] (dissenting) — I respectfully disagree with the result the majority reaches. I do so because, in my view, the Yakima County Superior Court was without jurisdiction to sentence Daniel Posey Jr. Before addressing the merits of the case, however, it is important to point out that the issue before this court is of academic interest only because Posey has served the sentence that was imposed and the legislature has amended the relevant statute, RCW

---

[*] Justice Gerry L. Alexander is serving as a justice pro tempore of the Supreme Court pursuant to Washington Constitution article IV, section 2(a).

13.04.030(1)(e)(v)(E), in a way that will prevent occurrence of events such as we have here in the future.[5]

¶37 The primary reason I believe the superior court did not possess sentencing jurisdiction over Posey is because we previously said exactly that in *State v. Posey*, 161 Wn.2d 638, 647, 167 P.3d 560 (2007) (*Posey* I). Specifically, we held that the Court of Appeals erred in holding that the superior court "had proper sentencing jurisdiction over Posey after he was acquitted of first degree assault." *Id.* Thus, we remanded the matter "to juvenile court for further proceedings." *Id.* at 649. Without overruling our decision in *Posey* I or indicating that the rationale for our decision was incorrect, the majority here concludes that the superior court did, in fact, have proper sentencing jurisdiction. In reaching this decision, the majority strains to fit a square peg into a round hole.

¶38 Although the juvenile court is a division of the superior court, "only the juvenile division of the superior court has the power to hear and determine certain juvenile matters." *In re Pers. Restraint of Dalluge*, 152 Wn.2d 772, 779, 100 P.3d 279 (2004) (quoting RCW 13.04.030(1)). The authority of the juvenile court derives from article IV, section 6 of the Washington Constitution, which grants the superior court "original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." When it enacted RCW 13.04.030(1)(e), the legislature was exercising its constitutional authority to vest juvenile courts with "exclusive original jurisdiction over all proceedings . . . [r]elating to juveniles alleged or found to have committed offenses." There are enumerated exceptions to this legislative grant of exclusive original jurisdiction, which we discussed in *Posey* I:

---

[5] In 2005, the legislature amended the automatic decline statute, RCW 13.04.030(1)(e)(v)(E), to include subsection (II), which now requires the adult court to transfer jurisdiction back to the juvenile court if the juvenile is acquitted of the automatic decline offense.

Because of the legislature's intent to treat juvenile offenders differently from adult offenders and because of the legislature's intent to impose more severe punishment on juveniles who have *committed* certain criminal offenses, the exceptions listed in former RCW 13.04.030 apply narrowly. In fact, the subsequent amendment to former RCW 13.04.030—which requires remand to juvenile court for sentencing juveniles acquitted in adult court of enumerated charges—bolsters the principles set out by the legislature that the more severe punishment should be imposed only on defendants who actually commit an enumerated charge. The legislature intended that a juvenile receive treatment and rehabilitation through juvenile disposition, unless the juvenile *commits* an enumerated charge under the statute.

*Posey* I, 161 Wn.2d at 646. Significantly, none of the enumerated exceptions apply here.

¶39 The superior court obtains jurisdiction over a juvenile matter when, pursuant to a decline hearing under RCW 13.40.110, the juvenile court transfers jurisdiction to an "adult criminal court." RCW 13.04.030(1)(e)(i). Alternatively, the superior court acquires jurisdiction automatically if the juvenile is 16 or 17 years old and the alleged offense is a serious violent offense. RCW 13.04.030(1)(e)(v)(A). As we indicated in *Posey* I, "once Posey was acquitted of the enumerated charge, [a serious violent offense,] the matter should have been remanded to juvenile court for a decline hearing or sentencing." *Posey*, 161 Wn.2d at 647. Because in the instant case Posey was found not guilty of the charge and no decline hearing had been held, the superior court did not have proper jurisdiction. Thus, our decision in *Posey* I to reverse the sentence imposed by the superior court was consistent with the statutory scheme for the sentencing of juvenile offenders.

¶40 Although a juvenile court's jurisdiction may extend beyond a person's 18th birthday in limited circumstances,

"[i]n no event may the juvenile court have authority to extend jurisdiction over any juvenile offender beyond the juvenile offender's twenty-first birthday." RCW 13.40.300(3). During the sentencing hearing following remand, the superior court judge, Susan Hahn, correctly determined that under the plain language of RCW 13.40.300(3) the juvenile court no longer had jurisdiction over Posey because he was now 21 years old. But, as we decided in *Posey* I, the superior court was also without jurisdiction to sentence Posey.

¶41 Because the juvenile court no longer had jurisdiction over Posey due to the fact that he had turned 21 years of age, Judge Hahn properly concluded that a decline hearing could not vest the superior court with jurisdiction over him. That is significant, there being no mechanism, other than a decline hearing or automatic decline, by which jurisdiction over a juvenile matter could be transferred from juvenile to adult court. *See* RCW 13.04.030(1)(e); *State v. Knippling*, 166 Wn.2d 93, 100, 206 P.3d 332 (2009). Faced with our decision remanding the matter to the juvenile court of Yakima County, Judge Hahn undoubtedly felt that she had to take some action and she chose to impose a sentence that was consistent with juvenile adjudication standards but did so in her capacity as a superior court judge.[6] While I can fully understand Judge Hahn's quandary, I agree with Posey that under these circumstances there was "simply no authority, constitutional or statutory, permitting the adult Superior Court to enter a disposition in a case where the Juvenile Court had, but subsequently lost, exclusive jurisdiction after a juvenile offender reached the age of 21 years." Pet. for Review at 10. In sum, the superior court did not have jurisdiction to sentence Posey, an adult, for a

---

[6] Judge Hahn stated the following during the sentencing hearing: "I think the way to handle this, with no actual prejudice to [Posey] and, really, a distinction without a difference, at this time, is for this Court to forget, for a moment, that it's sitting in Juvenile Court, transform the room and the judge into a Superior Court judge, and sentence Mr. Posey, right now, to a standard range sentence, according to the Juvenile Justice Act that applied at the time." Report of Proceedings at 29-30.

judgment that was entered when he was a juvenile for offenses that he committed as a juvenile.

¶42 As support for its decision, the majority points to this court's decision in *State v. Werner*, 129 Wn.2d 485, 918 P.2d 916 (1996). It asserts that *Werner* stands for the broad proposition that the legislature "*cannot* deprive the superior courts of constitutional jurisdiction over crimes committed by juveniles." Majority at 140 (citing *Werner*, 129 Wn.2d at 496). The majority reads too much into that opinion. I say this because the decision in *Werner* turned on a narrow question of whether the superior court had jurisdiction to issue a warrant to arrest a juvenile. In deciding that it did, our court correctly indicated that only the juvenile division of the superior court had "the power to hear and determine the case against [the juvenile], and to render judgment against him." *Werner*, 129 Wn.2d at 494. Significantly, we went on to say the issue "is not whether the adult division of the Pierce County Superior Court had the power to hear and determine the charges against [the juvenile]. *It did not.*" *Id.* (emphasis added). We then pointed out that the "real issue is whether the adult division had the power to issue a warrant to arrest [the juvenile]." *Id.* With regard to that question, we concluded that "the plenary constitutional and statutory authority of superior court judges under WASH. CONST. art. IV, § 6 and RCW 2.20.010, respectively, to issue arrest warrants was not restricted by the legislation creating juvenile courts." *Id.* at 496. Thus, contrary to the majority's assertion, this court's holding in *Werner* that the creation of juvenile courts by statute did not constrain the power of a superior court to issue a warrant for a juvenile's arrest does not undercut Posey's argument. Indeed, it supports it. I would reverse the Court of Appeals and vacate the disposition order.[7]

---

[7] A reader of this dissent should not conclude that a holding that the superior court was without jurisdiction to sentence Posey would result in a sentencing windfall for him. The record shows that Posey was confined for more than four years for a conviction that should have resulted in a much shorter sentence of 60-80 weeks' confinement in a juvenile facility. Most of Posey's time in confinement was spent at the Washington State Penitentiary at Walla Walla.