IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38556-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MATTHEW JASON ODEN, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Matthew Jason Oden appeals his 2001 sentence for first degree robbery, arguing he should be given the benefit of a juvenile court decline hearing based on recent changes to Washington's automatic juvenile decline statute. We disagree and affirm.

FACTS

In 1999, 16-year-old Matthew Oden was charged with first degree robbery. At that time, former RCW 13.04.030(1)(e)(v)(C) (1997) specified first degree robbery was an offense subject to automatic decline from juvenile court jurisdiction for defendants who had reached the age of 16 or 17 at the time of the alleged offense conduct. Mr. Oden's case was processed under this statute and he was convicted and sentenced as an adult in 2001. In 2018, the legislature amended former RCW 13.04.030(1)(e)(v) (2009) to remove first degree robbery as an offense that required automatic declination.

In 2020, Mr. Oden filed a motion with the trial court to extend time to appeal from his 2001 sentence, arguing he was not informed of his right to appeal the mandatory declination of juvenile court jurisdiction. The trial court transferred the motion to Division Two of this court pursuant to RAP 18.8(b). An appellate court commissioner subsequently accepted Mr. Oden's appeal over the State's timeliness challenge. Thereafter, Mr. Oden's case was administratively transferred to Division Three and submitted to a panel for consideration without oral argument.

The sole issue raised by Mr. Oden is whether he is entitled to the benefit of the 2018 amendment, thereby requiring his case be returned to juvenile court.

ANALYSIS

Washington law grants our juvenile courts exclusive jurisdiction[1] over all juvenile offenses, with exceptions. RCW 13.04.030. One such exception mandates automatic declination of juvenile court jurisdiction for certain offenses if the defendant was aged 16 or 17 at the time of the alleged offense. RCW 13.04.030(1)(e)(v). Former RCW 13.04.030(1)(e)(v)(C) included first degree robbery in the list of declination offenses. In 2018, the Washington legislature amended former RCW 13.04.030(1)(e)(v) to remove first degree robbery from the automatic decline offenses. LAWS OF 2018, ch. 162, §§ 1-2.

Generally, "an amendment is like any other statute and applies prospectively only." *In re F.D. Processing, Inc.,* 119 Wn.2d 452, 460, 832 P.2d 1303 (1992). However, an amendment may apply retroactively if: (1) the legislature so intended, (2) the amendment is curative, or (3) in certain circumstances, the amendment is remedial. *Id.* "An amendment is curative only if it clarifies or technically corrects an ambiguous statute." *Id.* at 461. "A remedial statute is one which relates to practice, procedures and remedies

---

[1] While the statute is written in terms of "jurisdiction," the legislature lacks the power to deprive superior courts of jurisdiction over felony offenses. *State v. Posey*, 174 Wn.2d 131, 140, 272 P.3d 840 (2012). The juvenile court is not separate and distinct from the superior court. Thus, declining juvenile court jurisdiction does not involve a change in subject matter jurisdiction. *Id.* at 141.

3

and is applied retroactively when it does not affect a substantive or vested right." *State v. McClendon*, 131 Wn.2d 853, 861, 935 P.2d 1334 (1997). "Remedy" is defined as "[t]he means of enforcing a right or preventing or redressing a wrong; legal or equitable relief." BLACK'S LAW DICTIONARY 1547-48 (11th ed. 2019). "A 'right' is a legal consequence deriving from certain facts, while a remedy is a procedure prescribed by law to enforce a right." *McClendon*, 131 Wn.2d at 861 (quoting *Dep't of Ret. Sys. v. Kralman,* 73 Wn. App. 25, 33, 867 P.2d 643 (1994)). The "use of the present and future tense manifests an intent that the act should apply prospectively only." *Johnston v. Beneficial Mgmt. Corp. of Am.*, 85 Wn.2d 637, 641-42, 538 P.2d 510 (1975).

Mr. Oden claims the 2018 amendment to the statute applies retroactively because it is remedial in nature. He argues the intent of the amendment, although not explicitly written in its history, was to remedy the legislature's overreaction in creating an overinclusive list of crimes that juvenile courts automatically decline to adult courts based on the since-disproven belief that our nation was filled with child "'superpredators.'" Suppl. Br. of Appellant at 12. Mr. Oden claims the legislature corrected this overreaction by removing certain offenses, including Mr. Oden's charge, from the list and giving discretion back to prosecutors and the courts. Therefore, Mr. Oden asks this court to reverse and remand this matter to the juvenile court for a decline hearing.

We disagree that the 2018 amendment is remedial. While the apparent goal of the amendment is to increase opportunities for rehabilitation and reduce punishment, this does not mean the statutory amendment is remedial in nature. Notably, the amendment does not provide a remedy in the sense of providing a practice, procedure, or means for those previously tried as an adult under former RCW 13.04.030(1)(e)(v) to address their convictions. As the State points out, juvenile courts lose jurisdiction over adult defendants unless, prior to the defendant reaching their 18th birthday, the court enters an order to extend jurisdiction. RCW 13.40.300(3). The amendments to former RCW 13.04.030(1)(e)(v) do not provide an exception for individuals such as Mr. Oden, who turned 18 years of age prior to enactment. Given this circumstance, the amendment does not provide an effective retroactive remedy.

Nothing in the legislative history of the amendment indicates that the legislature intended for it to apply retroactively. In fact, the legislature's use of present and future tenses in its statement of intent provides support that the amendment only applies prospectively: "An act relating to revising conditions under which a person is subject to exclusive adult jurisdiction and extending juvenile court jurisdiction over serious cases to age twenty-five." LAWS OF 2018, ch. 162; *see also McClendon*, 131 Wn.2d at 861

(finding a statute's use of present and future tenses strengthened the presumption that it applies prospectively).

Nor did the 2018 amendment to former RCW 13.04.030(1)(e)(v) clarify ambiguous language. Rather, "it merely narrowed the scope of juvenile offenders who would be charged automatically in adult court." *State v. Watkins*, 191 Wn.2d 530, 533 n.1, 423 P.3d 830 (2018). Therefore, the 2018 amendment does not apply retroactively.

## CONCLUSION

Mr. Oden's judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Fearing, J.

6