IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40913-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KAYDEN RAY CHISUM, | ) | |
| | ) | |
| Appellant. | ) | |

MURPHY, J. — Kayden Ray Chisum appeals from his convictions for first degree rape of a child and first degree child molestation. He was charged and convicted in adult court after a jury trial.

On June 6, 2024, legislative amendments took effect to various statutes on juvenile court jurisdiction found in the Juvenile Justice Act, chapter 13.40 RCW, and Basic Juvenile Court Act, chapter 13.04 RCW. *See* LAWS OF 2024, ch. 117. Former RCW 13.40.300 (2019) was amended such that juvenile court jurisdiction was expanded, with several exceptions, to include any individual: 1) under the age of 21 at the time of the filing of the information, and 2) accused of committing a criminal offense that occurred when the individual was under the age of 18. The legislature specifically provided that these statutory changes would apply to cases pending on the effective date

of the amendments. LAWS OF 2024, ch. 117, § 5(2). Chisum was born in late March 2001.[1] On February 25, 2022, when Chisum was 20 years old, he was charged in Chelan County Superior Court with offense conduct that was alleged to have occurred when he was 13 to 15 years old.

Chisum assigns error as follows: (1) his case was improperly tried in adult court in violation of statutory changes requiring that the charged offenses be adjudicated through juvenile court, (2) insufficient consideration of the mitigating effects of youth at sentencing, (3) improper admittance at trial of hearsay and demeanor evidence, (4) prosecutorial misconduct, and (5) ineffective assistance of counsel.

We agree that once the amendments to RCW 13.40.300 became effective on June 6, 2024, the juvenile court held exclusive jurisdiction over Chisum's case. We reverse Chisum's convictions and remand for the judgment and sentence to be vacated with his case transferred to juvenile court for adjudication. In light of this disposition, it is not necessary to review Chisum's other assignments of error.

FACTS

Because our review is focused on a specific question of law, recitation of the underlying facts is abbreviated. When Chisum was a teenager, he babysat his cousins

---

[1] Because juvenile jurisdiction is at issue in this case, Chisum's date of birth, age at the times of the alleged offense conduct, and age when the charges were filed are relevant to our review.

T.P. and B.P.[2] In 2021, T.P. and B.P. disclosed Chisum had sexually abused them. These

acts were alleged to have occurred between January 1, 2015, and January 1, 2017, at

which time Chisum was between 13 to 15 years old and both T.P. and B.P. were under

the age of 12. On February 25, 2022, when Chisum was 20 years old, he was charged

with one count each of first degree rape of a child and first degree child molestation.

Chisum was prosecuted in adult court without a hearing on the question of

declining jurisdiction. At the time the case was initiated, the charged offenses were not

auto-decline offenses and were not classified to prompt a discretionary decline hearing.

In adult court, Chisum exercised his right to a jury trial. His first trial ended in a mistrial.

Chisum's case proceeded to trial for a second time on November 19, 2024. The jury

found Chisum guilty as charged. Chisum was sentenced at the low end of the standard

sentencing range for each count, 120 months on the first degree rape of a child conviction

and 67 months on the first degree child molestation conviction, to be served concurrently,

followed by 36 months of community custody.

Chisum now appeals.

---

[2] To protect the privacy interests of the minor children, we use their first and last name initials throughout the body of this opinion. Gen. Order 2012-1 of Division III, *In re Use of Initials or Pseudonyms for Child Victims or Child Witnesses* (Wash. Ct. App. June 18, 2012), https://www.courts.wa.gov/appellate_trial_courts/?fa=atc.genorders_orddisp&ordnumber=2012_001&div=III.

ANALYSIS

1. *Standard of review*

We review jurisdictional challenges de novo. *In re Marriage of Shortway*, 4 Wn. App. 2d 409, 418, 423 P.3d 270 (2018). Whether a particular court has jurisdiction is a question of law. *Young v. Clark*, 149 Wn.2d 130, 132, 65 P.3d 1192 (2003).

In interpreting a statute, "this court looks first to its plain language." *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). "If the plain language is subject to only one interpretation, our inquiry ends because plain language does not require construction." *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 451, 210 P.3d 297 (2009). "If the statutory language is both plain and unambiguous, the meaning we give the statute must be derived from the statutory language itself." *In re Adoption of T.A.W.*, 186 Wn.2d 828, 840, 383 P.3d 492 (2016). "To ascertain the statute's plain meaning, we may examine (1) the entirety of the statute in which the disputed provision is found, (2) related statutes, or (3) other provisions within the same act." *Id.* (citing *Dep't of Ecology v. Campbell & Gwinn, LLC,* 146 Wn.2d 1, 10, 43 P.3d 4 (2002)).

2. *Statutory changes to juvenile jurisdiction*

A new law took effect on June 6, 2024, with the legislature amending various statutes on juvenile court jurisdiction found in the Juvenile Justice Act and Basic Juvenile Court Act. LAWS OF 2024, ch. 117. Extensive revisions were made to RCW 13.40.300

relating to the commitment of a juvenile to a rehabilitation facility and to the jurisdiction

of the juvenile court over an individual after their 18th birthday. The following section

that was added to the statute is particularly relevant to our review:

> (2)(a) The juvenile court has jurisdiction over, and may place an individual under the authority of the department [of children, youth and families] in the following circumstances:
> (i) Except as provided under RCW 13.04.030 and 13.40.110, when the individual is *under the age of 21 at the time of the filing of the information and is accused of committing a criminal offense that occurred when the individual was under the age of 18* . . . .

RCW 13.40.300(2)(a)(i) (emphasis added). This amendment expanded juvenile court

jurisdiction, giving two factors for the application of juvenile court jurisdiction: (1) the

individual is under the age of 21 at the time of filing of the information, and (2) the

alleged offense occurred before the individual reached 18 years of age. The exceptions to

these two factors are when (1) adult court has exclusive jurisdiction over a juvenile as a

result of RCW 13.04.030, the proverbial "auto-decline" statute, or (2) when pursuant to

RCW 13.40.110 the adult court establishes jurisdiction through a discretionary

declination hearing if certain criteria are met for such a hearing to be held.

These legislative amendments help to account for individuals involved in the

criminal justice system based on their actual ages at the time of their alleged offenses.

There are substantial differences in protections afforded to individuals adjudicated

through juvenile court versus those prosecuted in adult court. *See State v. Saenz*, 175 Wn.2d 167, 173, 283 P.3d 1094 (2012).

One of the biggest differences between juvenile court and adult court is the sentencing ranges. Chisum was sentenced to a decade in prison. Under adult sentencing guidelines, the calculated standard range for Chisum for first degree rape of a child was 120 to 160 months; the standard range for first degree child molestation was 67 to 89 months. The trial court sentenced Chisum to 120 months on the rape of a child conviction, and 67 months on the child molestation conviction, to be served concurrently for a total term of incarceration of 120 months.

In comparison with sentencing standards in juvenile court that were in effect during time period of Chisum's alleged offense conduct (former RCW 13.40.0357 (1997) and former RCW 13.40.180 (2012)), rape of a child in the first degree and child molestation in the first degree were classified as A- offenses, with 15- to 36-week standard ranges for individuals with no prior juvenile adjudications, to run consecutively. The standard range would increase to 30 to 40 weeks per count if Chisum had been found to be between 15 and 17 years of age at the time of the offense conduct.[3] In 2018, the standard range for category A- offenses became 30 to 40 weeks regardless of the age of

---

[3] The jury sitting in adult court was not asked to find Chisum's age at the time of the alleged offenses.

the offender at the time of the offense conduct. *See* LAWS OF 2018, ch. 162, § 6.

Assuming it could be established that Chisum was under the age of 15 at the time of his

alleged offense conduct, the total juvenile disposition, at most, for these two charges was

30 to 72 weeks. This is compared to the adult prison sentence Chisum received, that was

at the very bottom of the standard range, of 120 months on the rape of a child, and 67

months on the child molestation, to run concurrently.

In addition to the dramatic differences between the time in custody, one of the

fundamental purposes of the Juvenile Justice Act is to effectuate the rehabilitation of an

adjudicated individual. *State v. K.H.-H.*, 185 Wn.2d 745, 754, 374 P.3d 1141 (2016).

Sentences on juvenile adjudications are served in juvenile rehabilitation facilities

designed with youth programing for education, counseling, and therapy. *See Tommy P. v.*

*Bd. of County Comm'rs of Spokane County*, 97 Wn.2d 385, 388, 645 P.2d 697 (1982). In

addition, depending on the disposition and the court findings, a juvenile record may be

sealed upon completion of disposition. *See State v. Garza*, 200 Wn.2d 449, 458-459, 518

P.3d 1029 (2022). A sealed conviction typically has the result of reducing stigma later in

life as there is no public access to post-sealed juvenile convictions. Given this context,

whether Chisum was properly tried in adult court, or whether juvenile court had

jurisdiction over his conduct has significant impacts on Chisum in relation to the length

of his sentence, but also to his life in general.

7

Here, Chisum was between 13 and 15 years old when the criminal conduct was alleged to have occurred. Charges were filed when Chisum was 20 years old. The exceptions to RCW 13.40.300(2)(a)(i) did not apply. The auto-decline exception, under RCW 13.04.030, does not apply because of the age range of Chisum at the time of the alleged offenses. *See* RCW 13.04.030(1)(v). The discretionary decline exception, under RCW 13.40.110, does not apply because the claimed offenses were not classified to prompt a discretionary decline hearing, i.e., they were not classified as a serious violent offense or murder. *See* RCW 13.04.110(1).

3.      *Amended RCW 13.40.300 applies to Chisum's case*

The legislature determined its amendments to RCW 13.40.300(2) and RCW 13.40.110 would "apply to all cases in which charges are pending on [June 6, 2024], and to all cases in which charges are filed on or after [June 6, 2024]." LAWS OF 2024, ch. 117, § 5(2). On June 6, 2024, Chisum's case had been pending in adult court for over two years. At that time of the effective date of these statutory amendments, Chisum's case should have been transferred to juvenile court for adjudication. This transfer, based on the legislature's statutory amendments, should have occurred at least before the November 2024 impaneling of a jury in adult court.

The State has offered several reasons why RCW 13.40.300 is not applicable to Chisum's case. We address each of these arguments in turn.

### 3.1    *Error preservation*

The State argues the error Chisum complains of was not preserved as he did not object to his case being heard in adult court and did not, at any point, ask to have his case moved to juvenile court. The State frames this as a statutory issue, not a constitutional or jurisdictional one, and asserts that an objection must be made at the trial court level to preserve the error for review by an appellate court.

We generally decline to review an issue raised for the first time on appeal. *See* RAP 2.5(a). "The appellate courts will not sanction a party's failure to point out at trial an error which the trial court, if given the opportunity, might have been able to correct to avoid an appeal and a consequent new trial." *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988). However, an exception to RAP 2.5 permits a party to raise a "manifest error affecting a constitutional right" for the first time on appeal. RAP 2.5(a)(3). This exception is narrow and does not permit all asserted constitutional claims to be raised for the first time on appeal. *State v. Kirkman*, 159 Wn.2d 918, 934, 155 P.3d 125 (2007). Rather, the asserted error must be "manifest," which requires a showing of actual prejudice. *Id*. at 935. To demonstrate actual prejudice, there must be a plausible showing by the appellant that the asserted error had practical and identifiable consequences during trial. *State v. WWJ Corp.*, 138 Wn.2d 595, 603, 980 P.2d 1257 (1999). "[T]he focus of the actual prejudice must be on whether the error is so obvious on the record that the

error warrants appellate review." *State v. O'Hara*, 167 Wn.2d 91, 99-100, 217 P.3d 756 (2009).

Jurisdictional defects may be raised for the first time on appeal. RAP 2.5(a)(1). The June 2024 changes to the juvenile statutes have both constitutional and jurisdictional consequences. Chisum correctly articulates that it is proper to raise a jurisdictional challenge for the first time at the appellate court level, and that this is a jurisdictional challenge. A claim of jurisdictional error may be raised for the first time on appeal if it is either a manifest error affecting a constitutional right or a jurisdictional error. *See* RAP 2.5(a). Likewise, illegal or erroneous sentences may be challenged for the first time on appeal. *See State v. Haas*, 33 Wn. App. 2d 344, 347, 561 P.3d 299 (2024), *review denied,* 4 Wn.3d 1025, 567 P.3d 1108 (2025). We review jurisdictional challenges de novo. *State v. Salavea*, 151 Wn.2d 133, 140-41, 86 P.3d 125 (2004). The challenges Chisum makes to his case proceeding in adult court, in light of the legislature's amendment to RCW 13.40.300, are properly before this court on appeal.

### 3.2   Felony jurisdiction

The State argues that the constitution grants jurisdiction to superior courts in all felony cases. This principle is cited in the context of the State's argument that the legislature cannot rescind constitutional jurisdiction or vest jurisdiction exclusively in another court. The State argues that because adult superior court had jurisdiction to hear

Chisum's case because he was charged with felonies, there are no constitutional implications to having Chisum's case proceed in adult court versus juvenile court.

It is correct that the legislature cannot rescind the constitutional jurisdiction of superior courts. The general jurisdiction of a superior court is not diminished by the creation of the juvenile court, however. The legislature "has the power to 'distribute and assign a phase of business of the superior court' and to 'prescribe the mode of procedure by which the superior court shall initiate, process and apply the remedies made available' for juveniles." Reply Br. of Appellant at 2 (quoting *Dillenburg v. Maxwell,* 70 Wn.2d 331, 352-53, 413 P.2d 940, 422 P.2d 783 (1966)). Juvenile court, which is assigned the business of conducting juvenile adjudications for which they have jurisdiction, is the proper forum, in accordance with RCW 13.40.300, for Chisum's case.

### 3.2   Chisum's age when the information was filed

The State also argues that the new law created in RCW 13.40.300 is inapplicable to Chisum because Chisum was 23 years old at the time the statute went into effect. The State argues that juvenile court lost jurisdiction over Chisum when he turned 21 years old. Therefore, because Chisum turned 21 well in advance of the amendment to the law, the 2024 change in the law did not apply to Chisum. *See* Br. of Resp't at 8.

The statute states:

> (2)(a) The juvenile court has jurisdiction over, and may place an individual under the authority of the department in the following circumstances:
>
> (i) . . . when the individual is under the age of 21 at the time of the filing of the information and is accused of committing a criminal offense that occurred when the individual was under the age of 18 . . . .
>
> . . . .
>
> (5) Except as otherwise provided herein, in no event may the juvenile court have authority to extend jurisdiction over any juvenile offender beyond the juvenile offender's 21st birthday.

RCW 13.40.300(2)(a)(i), (5). The statute concedes through the use of the word "except" that there are provisions within the statute that dictate when juvenile court has jurisdiction over a case. As we have discussed previously, the applicability of the amended statute turns on the person's age at the time of *filing of the information*, not the person's age at the effective date of the amended law. The State's reading of the statute, to say that the law would not apply to Chisum because Chisum was 23 years old at the time the jurisdictional amendments came into effect would nullify this law for its intended beneficiaries. This law is applicable to Chisum.

### 3.3   Juvenile sentencing options

The State also contends, in support of its argument that RCW 13.40.300 does not apply to Chisum, that juvenile court cannot sentence Chisum for placement in a juvenile rehabilitation facility past his 23rd birthday, which has already passed. Br. of Resp't at 9.

RCW 13.40.300(1)(c) provides:

>        (1) Except as provided in (a) through (c) of this subsection, a
> juvenile offender may not be committed by the juvenile court to the
> department for placement in a juvenile rehabilitation facility beyond the
> juvenile offender's 21st birthday.
>        . . . .
>        (c) A juvenile offender who is 18 or older at the time of the
> adjudication may be committed by the juvenile court to the department for
> placement in a juvenile rehabilitation facility up to the juvenile offender's
> 23rd birthday, but not beyond, in order to serve a standard range
> disposition.

Here, if Chisum is convicted, after going through the juvenile adjudication process

on remand, then the adult court can sentence Chisum consistent with the standard

juvenile range.

Our Supreme Court, in *State v. Posey*, 174 Wn.2d 131, 272 P.3d 840 (2012),

provides insight on this issue. In 2003, 16-year-old Daniel Posey Jr. was charged in

juvenile court with three counts of second degree rape and one count of first degree

assault while armed with a firearm. *Posey*, 174 Wn.2d at 133-34. Because the assault

charge was classified as a "serious violent offense," Posey's case was auto-declined to

adult court. *Id*. at 134. A jury convicted Posey of two counts of second degree rape and

acquitted him of one count of second degree rape and the first degree assault charge. *Id*.

Posey was sentenced in adult court to a minimum term of 119 months' incarceration. *Id*.

Posey appealed, claiming that the adult court no longer had jurisdiction to sentence him

as an adult after his acquittal on the first degree assault charge. *Id*. The Supreme Court

agreed and remanded Posey's case to juvenile court for further proceedings. *Id.* Posey

turned 21 years old one month after the Supreme Court's mandate but prior to the

juvenile court sentencing proceedings on remand. *Id*. At the sentencing hearing in

juvenile court, Posey's counsel moved to dismiss, arguing that because his client had

since turned 21 years of age the juvenile court no longer had jurisdiction to proceed with

sentencing. *Id.* The judge presiding over the juvenile court proceedings agreed with the

jurisdictional argument and subsequently, acting in their role as a superior court judge,

sentenced Posey to a "juvenile standard range disposition of 60 to 80 weeks." *Id*. at 134-

35. Posey appealed his sentence, arguing that by operation of statute, neither the juvenile

court nor the superior court had jurisdiction to sentence him for his crimes of conviction.

The Supreme Court disagreed and noted that because article IV, section 6 of the

Washington Constitution vests jurisdiction in the superior courts over all felony offenses,

the superior court "possessed jurisdiction to sentence Posey." *Id*. at 140-41. "[The

legislature does not have the power to alter the constitutional jurisdiction of a superior

court under article IV." *Id*. at 142.

Here, although the issue in this case is not directly on point with *Posey*, that case is

helpful to our analysis. Posey was sentenced to a juvenile sentence in adult court after it

was determined the juvenile court no longer had jurisdiction. Here, the juvenile court has

jurisdiction over Chisum's case, but if Chisum on remand is adjudicated guilty, he could

not be commitment to a department juvenile rehabilitation facility because he is already

past the age of 23.

It is noted that if Chisum is adjudicated guilty in juvenile court as charged, and if

he is sentenced to a juvenile court standard range sentence, he would likely have already

served his time in custody. Therefore, RCW 13.40.300(1)(c) may not apply because he

may not be required to be placed in a juvenile rehabilitation facility. While commitment

may be limited in this particular case, the juvenile court retains jurisdiction for other

dispositions such as community supervision, restitution, or treatment. RCW 13.40.300(4);

RCW 13.40.0357. On remand, if Chisum is adjudicated guilty, the juvenile court can

craft an appropriate remedy within statutory bounds.

### 3.5    Invited error

The State argues that if there was an error, then Chisum invited it by demanding

a jury trial in adult court and is now precluded from raising a claim of error. *See* Br. of

Resp't at 10. The State claims Chisum "primarily assented to and contributed to the error

by demanding he receive a jury trial (a 12-person jury trial specifically)." *Id.* at 11.

"'The [invited error] doctrine applies when a party takes affirmative and voluntary

action that induces the trial court to take the action that that party later challenges on

appeal.'" *In re Pers. Restraint of Salinas*, 189 Wn.2d 747, 757, 408 P.3d 344 (2018)

(alteration in original). "'In determining whether the invited error doctrine applies,

we have considered whether the defendant affirmatively assented to the error, *materially contributed to it*, or benefited from it.'" *Id.* at 755 (quoting *In re Pers. Restraint of Coggin*, 182 Wn.2d 115, 119, 340 P.3d 8101 (2009)).

There is no evidence in the record before us that the State moved to transfer the case to juvenile court and Chisum objected. There is no evidence in the record that Chisum requested he be prosecuted in adult court. Rather, Chisum, who was being prosecuted in adult court, asserted his right to a jury trial as any other defendant in adult court may demand. Chisum did not affirmatively assent to the alleged jurisdictional error, nor did he invite it. Chisum certainly did not benefit from the error.[4] The amendment post-dated charging of the information in adult court, and so no invitation by Chisum occurred. Moreover, proceeding without objection does not waive a post-enactment jurisdictional claim based on an amended statute.

## 3.6    Harmless error

Finally, the State argues that even if it was an error to keep Chisum's case in adult court, then the error was harmless. The State claims that although a juvenile sentence would have been a fraction of the adult sentencing range, the adult sentencing court was

---

[4] The State argued Chisum benefited from the error because the State 1) had to convince 12 jurors beyond a reasonable doubt of the crimes, 2) jury nullification was possible, and 3) jury convictions are vulnerable to reversal due to evidentiary errors that typically occur at jury trials. As the State did not cite any legal authority to support these arguments, and we do not give weight to it.

"free to impose any sentence from within the standard range all the way down to zero days based on Chisum's youthfulness." Br. of Resp't at 15. Therefore, the State claims that Chisum had the opportunity to get the same sentence in adult court as he would have received in the juvenile court—making any error harmless.

Chisum disagrees and points out that had he been convicted in juvenile court, his charges would be capable of being sealed. He further identifies that there is a presumption that a standard range for juvenile dispositions is proper absent a finding of manifest injustice, whereas under the Sentencing Reform Act of 1981, chapter 9.94 RCW, it is the defendant's burden to prove a substantial and compelling reason for an exceptional sentence below the standard range.

We agree that the ramifications of Chisum's case proceeding in adult court, rather than through the juvenile justice system, do not support the assertion that any error was harmless. In light of the many articulated reasons for the creation of the Juvenile Justice Act of 1977 and the Basic Juvenile Court Act, individuals would choose to be adjudicated in juvenile court.

## 4.    *Sentencing*

The State argues that if an error occurred, and if that error was not harmless, then the obvious remedy is not reversal of the convictions, but remand for resentencing with a juvenile standard range disposition. Chisum replies that the legislature has not authorized

17

that he be tried as an adult, in adult court, before a jury. Therefore, the jury verdicts

finding him guilty are nullities and cannot be used to support an adult sentence or a jury

disposition. He contends a contrary construction would allow Washington courts to

convene juries to try all juvenile cases regardless of how young the individuals are.

Here, once the statutory amendments became effective on June 6, 2024, the

juvenile court had jurisdiction over Chisum's case. There was, therefore, no authority to

convene a jury to serve as fact finder in adult court. *See* RCW 13.04.021(2) (identifying

that cases in juvenile court shall be tried without a jury). Therefore, the jury verdicts are

void. On remand, the judgment and sentence is to be vacated. Chisum's case is to be

transferred to juvenile court for adjudication pursuant to the Juvenile Justice Act of 1977

and the Basic Juvenile Court Act.

5.     *Other assignments of error*

Chisum's other assignments of error on appeal are not reviewed in light of remand

for the judgment and sentence to be vacated and the case to be transferred to juvenile

court for adjudication through the Juvenile Justice Act and Basic Juvenile Court Act.

CONCLUSION

Absent proper jurisdiction in adult court, the convictions are void. We reverse

Chisum's convictions and remand with instructions to vacate the judgment and sentence

No. 40913-9-III
*State v. Chisum*

and transfer the matter to juvenile court for further proceedings consistent with the

Juvenile Justice Act of 1977 and the Basic Juvenile Court Act.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____          _____
Lawrence-Berrey, C.J.                     Staab, J.