[No. 34738. Department Two. February 19, 1959.]

THE STATE OF WASHINGTON, *Respondent*, v. HAROLD W. FRYE, *Appellant*.[1]

*J. A. Kavaney*, for appellant.

*Charles O. Carroll* and *James A. Noe*, for respondent.

[1] Reported in 335 P. (2d) 594.

FINLEY, J.—Appellant was convicted by a jury of the crime of robbery. The information filed by the state reads, in part:

"He, the said HAROLD W. FRYE, in the County of King, State of Washington, on or about the 8th day of January, 1958, then and there being armed with a deadly weapon, to-wit: a rifle, willfully, unlawfully and feloniously, by force and violence to the person of one El Dores Carlson, and by putting the said El Dores Carlson in fear of injury to her person and against her will then and there did take from the presence of the said El Dores Carlson, certain personal property of value, to-wit: lawful money of the United States, the property of the Olympic Hotel; and she, the said El Dores Carlson then and there being in lawful possession of said property; . . ."

■ Appellant contends that the evidence is insufficient to sustain the verdict of the jury. However, a brief review of a part of the evidence in the record clearly demonstrates that his contention is without merit.

The record shows that El Dores Carlson, mentioned above, and another person were employed by the Olympic Hotel at the time of the robbery; that both persons positively identified the appellant as the man who committed the robbery. Two other witnesses, customers in the hotel at the time of the robbery, testified that they were "fairly certain" that appellant was the man who had perpetrated the robbery. It was further established that on the morning of the robbery the appellant had a rifle in his possession, and that on the same morning he had purchased shells for this rifle.

■ In *State v. Rubenstein* (1912), 69 Wash. 38, 124 Pac. 135, the court said:

" . . . It is the province of the jury in criminal cases to pass on the weight and sufficiency of the evidence; and when the court finds there is substantial evidence of a fact, it must be left for the jury to say whether its probative force meets the standard required for a conviction, whether it convinces them beyond a reasonable doubt of the defendant's guilt."

■ Appellant, testifying in his own behalf, was asked on cross-examination if he had ever been convicted of any crimes. After he answered in the affirmative, the attorney for respondent was allowed to inquire into the nature of the crime or crimes he had committed and the extent of the punishment inflicted upon him. Objections were interposed to the latter questions.

The appellant asserts that it was error for the court to allow the respondent to make further inquiry after appellant admitted that he had been convicted previously of other crimes. The same question was before this court in *State v. Steele* (1929), 150 Wash. 466, 273 Pac. 742, and the decision was adverse to the contention of appellant in the present case.

■ The appellant assigns error respecting the admission of certain pictures into evidence. These pictures showed appellant in a police line-up. His contention is that the introduction of these pictures into evidence violated his "rights under the fifth and fourteenth amendments to the United States Constitution and under section three of the Washington state constitution." Appellant offers no argument in support of his assignment; consequently, we will not consider it. *State v. Williams* (1956), 49 Wn. (2d) 354, 301 P. (2d) 769.

Upon examining appellant's remaining assignments of error and finding them without merit, it follows that the judgment in this case should be affirmed. It is so ordered.

WEAVER, C. J., HILL, ROSELLINI and FOSTER, JJ., concur.