**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**


The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LADYHELM FARM, LLC, a Washington Limited Liability Company, | ) ) ) | No. 38651-1-III |
| Appellant, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| WASHINGTON STATE LIQUOR AND CANNABIS BOARD, an agency of the State, | ) ) ) ) | |
| Respondent. | ) | |

STAAB, J. — An officer from the Washington State Liquor and Cannabis Board

(WSLCB) conducted an unannounced premises check at Ladyhelm Farm, LLC, a

licensed cannabis producer and processor. Upon finding significant regulatory violations,

the officer issued a notice of violation to Ladyhelm for failing to meet cannabis

traceability requirements and immediately seized approximately 1,720 pounds of

cannabis by placing the cannabis on an "administrative hold." A few days later, the

cannabis was removed from Ladyhelm's facility. The regulatory violations were referred

to an administrative law judge who granted summary judgment in favor of the WSLCB.

Ladyhelm appealed to the administrative board for the WSLCB and the superior court,

and both affirmed. Ladyhelm appeals to this court, arguing that: the Board erred in

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

affirming the summary judgment order because cannabis is no longer a schedule I controlled substance subject to seizure under the Uniform Controlled Substances Act (UCSA), ch. 69.50 RCW; WSLCB did not have the authority to seize and destroy the cannabis because Ladyhelm was in compliance with the regulations; and the seizure and destruction violated Ladyhelm's due process rights.

Preliminarily, we decline to address issues raised by Ladyhelm for the first time on appeal before the superior court. Aside from the waived issues, we confirm that the classification of cannabis as a schedule I controlled substance has not been impliedly repealed, and Ladyhelm's failure to comply with traceability requirements authorized the WSLCB to seize the cannabis.

BACKGROUND

Because this case was decided on the WSLCB's motion for summary judgment, the following facts are set forward in a light most favorable to Ladyhelm, the nonmoving party.

Washington Administrative Code regulations contain requirements that allow the WSLCB to oversee and closely control cannabis producers and processors. The regulations include detailed traceability requirements for cannabis "[t]o prevent diversion and to promote public safety." WAC 314-55-083(4). Cannabis licensees must provide up-to-date specified information on when plants will be partially or fully harvested on an electronic traceability system chosen by the WSLCB. *Id.* "Cannabis seedlings, clones,

2

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

plants, lots of useable cannabis or trim, leaves, and other plant matter, batches of extracts, cannabis-infused products, samples, and cannabis waste must be traceable from production through processing, and finally into the retail environment including being able to identify which lot was used as base material to create each batch of extracts or infused products." *Id.* The traceability regulations also require that "[a]ll cannabis . . . must be physically tagged with the unique identifier generated by the traceability system and tracked." WAC 314-55-083(4)(h).

Ladyhelm was a licensed cannabis producer and processor. A WSLCB enforcement officer conducted an unannounced premises check at Ladyhelm. During the check, the officer observed large quantities of cannabis without traceability numbers or tags, including hundreds of five-pound bags and large amounts of cannabis hanging and set on drying tables. At the time of the premises check, the WSLCB traceability system stated that Ladyhelm had 843 growing plants and 619 harvested plants. However, there were no growing plants at the facility, and all plants had been harvested.

Due to the large amount of non-compliant cannabis, the officer was unable to deal immediately with the violations. The officer consulted with other WSLCB officers and decided to place Ladyhelm "into an Administrative Hold until a plan could be formulated to deal with the numerous violations and large amounts of untagged product." Clerk's Papers (CP) at 119. In the officer's report, he recounts the "administrative hold" as he explained it to Ladyhelm's licensee:

3

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

> I explained to him that while in the Administrative Hold, Ladyhelm Farms
> [sic] could not manifest, transfer or receive any marijuana product. No
> marijuana was to be moved within the facility, handled or processed.
> Employees could tend to plants or harvested marijuana product only to the
> point of keeping it from molding or spoiling. That no attempts should be
> made to generate traceability tags or enter/delete marijuana product from or
> within the traceability system. This Administrative Hold would remain in
> place until such time as I informed him it had been lifted.

CP at 119. The officer said in his report that he anticipated returning to seize the

cannabis within three or four days.

Four days later, the officer returned to Ladyhelm with additional law enforcement

personnel and seized approximately 1,720 pounds of cannabis that did not have

traceability numbers or tags.

*Violation Notice and Subsequent Judicial Decisions*

Eight days after the seizure, the WSLCB issued an administrative violation notice

to Ladyhelm for failing to maintain traceability requirements. The WSLCB then

assigned the matter to an administrative law judge (ALJ).

The WSLCB moved for summary judgment, arguing that there was no genuine

issue of material fact as to whether Ladyhelm had failed to maintain the traceability of

the cannabis. Moreover, the WSLCB maintained that it had properly seized the cannabis

because it was possessed in violation of Washington law. Ladyhelm responded, arguing

that it kept its own inventory log for cannabis during harvesting that was sufficient to

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

meet traceability requirements. Ladyhelm also argued that the seizure was improper because the product was properly logged in Ladyhelm's inventory record.

The ALJ granted the WSLCB's motion for summary judgment. Ladyhelm appealed to the Board, and the Board affirmed, adopting the findings and conclusions of the ALJ. The Board determined that cannabis was a schedule I controlled substance under the UCSA. Accordingly, as a schedule I controlled substance, cannabis possessed in violation of Washington law is subject to seizure.

Further, the Board determined that the WSLCB was authorized to seize and destroy cannabis that had not been properly logged or was untraceable under Washington law. The Board concluded that the regulations required that all cannabis "in any form must be physically tagged *and* tracked in the traceability system." CP at 418. The traceability system must be updated even where the cannabis is simply being moved within the licensed premises. The Board determined that Ladyhelm neither physically tagged nor tracked the cannabis in the traceability system as required, and the physical logbook Ladyhelm said it had maintained did not satisfy the traceability requirements. The Board concluded that Ladyhelm's possession of the cannabis violated the regulations; therefore, the cannabis was subject to seizure under RCW 69.50.505(1)(a).

Ladyhelm then appealed to the superior court. Before the superior court, Ladyhelm argued for the first time that the seizure of the cannabis was improper because the WSLCB failed to follow the process for seizure under an administrative hold as

5

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

outlined in the regulations. Ladyhelm also argued for the first time that the seizure

violated its due process rights. After the WSLCB stated in its response that the seized

cannabis had been destroyed, Ladyhelm also argued that the destruction of the cannabis

was improper because the WSLCB did not comply with the administrative hold process.

The superior court affirmed the Board.

Ladyhelm appeals.

ANALYSIS

1.    STANDARD OF REVIEW

This court's review of the Board's final order is governed by Washington's

Administrative Procedure Act (APA), ch. 34.05 RCW. RCW 34.05.570; *Top Cat Enter.,*

*LLC v. City of Arlington*, 11 Wn. App. 2d 754, 759, 455 P.3d 225 (2020). We review

legal determinations under the "error of law" standard. *Verizon Nw., Inc. v. Wash.*

*Employ. Sec. Dep't*, 164 Wn.2d 909, 194 P.3d 255 (2008). The error of law standard

permits this court to substitute its view of the law for that of the Board but also requires it

to "accord substantial weight to an agency's interpretation of a statute within its expertise

and to an agency's interpretation of rules that the agency promulgated." *Id.* at 915

(citation omitted).

"[W]here the original administrative decision was on summary judgment, the

reviewing court must overlay the APA standard of review with the summary judgment

standard." *Id.* at 916. Under this combined standard, we view the facts in the light most

6

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

favorable to the nonmoving party and affirm the summary judgment order only where the

moving party is entitled to judgment as a matter of law based on the facts viewed in this

light. *Id.* This court evaluates the facts de novo, and the review of the law is evaluated

based on the error of law standard explained above. *Id.*

2.      ISSUES RAISED FOR THE FIRST TIME

Ladyhelm raised several arguments for the first time on appeal to the superior

court. As a preliminary matter, we must determine whether those issues are properly

before this court. Ladyhelm argues that this court should address the arguments that it

failed to raise before the Board because the arguments fall into two exceptions outlined

under the APA.

With a few exceptions, under the APA, "Issues not raised before the agency may

not be raised on appeal." RCW 34.05.554(1). "This rule is more than simply a technical

rule of appellate procedure; instead, it serves an important policy purpose in protecting

the integrity of administrative decision[-]making." *King County v. Wash. State Boundary

Rev. Bd.*, 122 Wn.2d 648, 668, 860 P.2d 1024 (1993).

One exception is where "[t]he agency action subject to judicial review is an order

and the person was not notified of the adjudicative proceeding in substantial compliance

with this chapter." RCW 34.05.554(1)(c). Another exception occurs where "[t]he

interests of justice would be served by resolution of an issue arising from . . . [a]gency

7

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

action occurring after the person exhausted the last feasible opportunity for seeking relief from the agency." RCW 34.05.554(1)(d)(ii).

Ladyhelm's first unpreserved argument is that the seizure and destruction of the cannabis was improper because the WSLCB did not follow the procedures for an administrative hold. Ladyhelm's second unpreserved argument is that the seizure and destruction of the cannabis violated Ladyhelm's due process rights.

Ladyhelm argues that this court should consider its additional arguments under RCW 34.05.554(1)(c) because it never received a final agency order as required to destroy cannabis subject to an administrative hold. Ladyhelm seeks review of an order that is not part of the record before this court. Even if this court were to find that this exception applies, it would not be possible for us to review an order that is not part of the record. Accordingly, we decline to consider Ladyhelm's additional arguments under RCW 34.05.554(1)(c).

Ladyhelm also argues that this court should consider the arguments under RCW 34.05.554(1)(d)(ii) because Ladyhelm was not notified that the cannabis had been destroyed until it received the WSLCB's brief in superior court. Although Ladyhelm may not have known about the destruction until it received the WSLCB's brief, its arguments relate to both the seizure and the destruction of the cannabis, and Ladyhelm had been aware of the seizure throughout this case.

8

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

Moreover, apart from a citation to the WSLCB's superior court brief, Ladyhelm does not provide argument or support for its assertion that its arguments fall into the exceptions provided by RCW 34.05.554(1)(d)(ii). *See* RAP 10.3(a); *State v. Brewster*, 75 Wn.2d 137, 139, 449 P.2d 685 (1969) (court not required to consider argument unsupported by citation to authority and that does not appear on its face to be meritorious). The record is not developed on this point and does not clearly support Ladyhelm's assertion that it did not learn of the destruction of the cannabis until receiving the WSLCB's superior court brief. Further, Ladyhelm does not explain how it has exhausted its "last feasible opportunity for seeking relief" from the WSLCB or why it cannot bring a separate action for the destruction of the cannabis. We decline to address the arguments Ladyhelm did not make before the Board under RCW 34.05.554(1)(d)(ii).

3.      WHETHER CANNABIS REMAINS A SCHEDULE I CONTROLLED SUBSTANCE

The Washington Legislature classified cannabis as a schedule I controlled substance under the UCSA. As a schedule I controlled substance, cannabis is subject to seizure under RCW 69.50.505(12) unless it is possessed in compliance with the regulations. Ladyhelm argues that the seizure of its cannabis was not authorized by this statute because the classification has been impliedly repealed by the legislature's authorization of recreational cannabis use. We disagree.

We review interpretation of statutes de novo. *State v. Hanson*, 138 Wn. App. 322, 328, 157 P.3d 438 (2007). Washington law strongly disfavors the implied repeal of

9

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

statutes. *Id.* "'The legislature is presumed to be aware of its own enactments.'" *Id.* (quoting *Amalgamated Transit Union Legis. Council v. State*, 145 Wn.2d 544, 552, 40 P.3d 656 (2002)).

There are two ways implied repeal can occur. *Id.* "First, the subject matter of the subsequent legislation must cover the entire scope of the earlier one." *Id.* "Or second, the legislative acts can be so inconsistent that they cannot be reconciled to give effect to both." *Id.*

Additionally, there are two methods through which a substance may be classified as schedule I. A substance is designated as a schedule I controlled substance either because the pharmacy commission has found that the substance

> (1) has a high potential for abuse; (2) has no currently accepted medical use in treatment in the United States; and (3) lacks accepted safety for use in treatment under medical supervision. [Or the commission may designate a substance as schedule I] if the substance is controlled under Schedule I of the federal Controlled Substances Act by a federal agency as the result of an international treaty, convention, or protocol.

RCW 69.50.203.

Outside of these two methods, the state legislature has designated cannabis as a schedule I controlled substance under the UCSA. *Seeley v. State*, 132 Wn.2d 776, 784, 940 P.2d 604 (1997). However, the pharmacy commission has the authority to change the designation under the UCSA. RCW 69.50.201; *Id.*

10

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

Ladyhelm argues that, by implication, the legislature's classification of cannabis as a schedule I controlled substance has been repealed. It maintains that the legislature's explicit finding in the Washington State Medical Use of Cannabis Act, ch. 69.51A RCW, that cannabis has accepted medical uses is not reconcilable with the classification of cannabis as a schedule I substance.[1]

In *Hanson*, this court addressed a similar issue, whether the Medical Cannabis Act implicitly repealed the statutory classification of cannabis as a schedule I controlled substance. 138 Wn. App. at 328. The appellant argued that the Medical Cannabis Act implicitly concluded that cannabis has or may have some medical use, running directly contrary to the requirement that a classification of a substance as schedule I be based on a "finding that the substance 'has no currently accepted medical use in treatment' and 'lacks accepted safety for use in treatment under medical supervision.'" *Id.* (quoting RCW 69.50.203(a)(2), (3)).

The court in *Hanson* determined that "the subject matter of the Medical [Cannabis] Act does not cover the entire scope of . . . [the UCSA] nor was it meant to." *Id*. at 328-29. "The purpose of the Medical [Cannabis] Act is to allow patients with

---

[1] Ladyhelm also argues that changes to the status of cannabis under a United Nations convention and "current pending federal legislation" supports a determination that the schedule I status has been impliedly repealed. Br. of Appellant at 49. However, Ladyhelm fails to cite any authority to support its claim that Washington law allows implied repeal through either United Nations conventions or pending legislation.

11

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

terminal or debilitating illness to legally use [cannabis] when authorized by their physician." *Id*. at 329. The statute recognizes that cannabis *may* provide some relief for certain diseases.

Additionally, the court pointed out that the statute "only provides an affirmative defense to the drug crime" and was not inconsistent with the schedule I classification because it did not negate the elements of the crime, rather it excused the conduct. *Id*. at 330-31. Accordingly, the court determined that the Medical Cannabis Act did not impliedly repeal the classification of cannabis as a schedule I controlled substance. *Id*. at 332.

Ladyhelm argues that the Medical Cannabis Act, combined with the creation of a regulatory system for the recreational use of cannabis, impliedly repeals cannabis' schedule I classification. However, Ladyhelm points to no specific provisions that would create an implied repeal. Instead, it seems to argue that *Hanson* was wrongly decided because it specifically stated that patients with specific ailments may benefit from the medical use of cannabis. However, Washington law strongly disfavors an implied repeal, and as *Hanson* explained, this is insufficient to establish such. Moreover, the legislature has also added provisions to the UCSA explaining how the statute interacts with the recreational regulation of cannabis, demonstrating an intent that the two statutes remain compatible. *See* RCW 69.50.366, .325(1). Accordingly, we disagree with Ladyhelm's argument.

12

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

Ladyhelm also argues that under *State v. Dougall*, 89 Wn.2d 118, 570 P.2d 135 (1977), the provision allowing the "pharmacy board" to change the designation of cannabis as a controlled substance violates the due process clause of the Fourteenth Amendment to the United States Constitution. At issue in *Dougall* was a Washington statute stating that if any substance was designated, rescheduled, or deleted as a controlled substance in the federal register, that action would similarly apply under Washington law unless the pharmacy commission took action within 30 days. *Id.* at 120.

Ultimately, the Supreme Court held that the statute authorizing a substance to be designated as a controlled substance simply by publication in the federal register and acquiescence or inaction by the pharmacy commission was an unconstitutional delegation of legislative authority. *Id*. at 123. The court determined that "[w]hile the legislature may enact statutes which adopt existing federal rules, regulations, or statutes, legislation which attempts to adopt or acquiesce in future federal rules, regulations, or statutes is an unconstitutional delegation of legislative power and thus void." *Id*. at 122-23.

The legislature has affirmatively classified cannabis as a schedule I controlled substance. In doing so, it gave the pharmacy commission the ability to change this classification and stipulated to the factors that should be considered. Nothing in *Dougall* prohibits the legislature from taking affirmative action to classify a substance. Thus, *Dougall* does not apply.

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

Accordingly, we determined that the classification of cannabis as a schedule I controlled substance has not been impliedly repealed.

4.      WHETHER THE WSLCB HAD THE AUTHORITY TO SEIZE AND DESTROY THE CANNABIS

Ladyhelm challenges the seizure of its cannabis, arguing that even if cannabis is still a schedule I controlled substance, Ladyhelm complied with the traceability requirements, and thus the WSLCB did not have the authority to seize and destroy the cannabis.

Washington Administrative Code regulations detail traceability requirements for cannabis "[t]o prevent diversion and to promote public safety." WAC 314-55-083(4). Cannabis licensees are required to provide the specified information on a system chosen by the WSLCB. *Id.* "Cannabis seedlings, clones, plants, lots of useable cannabis or trim, leaves, and other plant matter, batches of extracts, cannabis-infused products, samples, and cannabis waste must be traceable from production through processing, and finally into the retail environment including being able to identify which lot was used as base material to create each batch of extracts or infused products." *Id.*

The required information for traceability must be kept "completely up-to-date." *Id.* This includes information on when plants will be partially or fully harvested. WAC 314-55-083(4)(b). Traceability also requires that "[a]ll cannabis . . . must be physically

14

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

tagged with the unique identifier generated by the traceability system and tracked."

WAC 314-55-083(4)(h).

In certain situations, "The WSLCB may seize, destroy, confiscate, or place an

administrative hold on cannabis, useable cannabis, cannabis concentrates, and cannabis-

infused products." WAC 314-55-210. This includes "[a]ny product not properly logged

in inventory records or untraceable product required to be in the traceability system."

WAC 314-55-210(2). Additionally, "The WSLCB may destroy any cannabis, cannabis

concentrate, useable cannabis, and/or cannabis-infused products in its possession that is

not identifiable through the Washington cannabis traceability system or otherwise in a

form that is not compliant with Washington's cannabis statutes or rules." WAC 314-55-

210(5).

Washington law exempts licensed cannabis producers, in compliance with the

rules adopted by the WSLCB, from criminal or civil liability for the production, delivery,

distribution, and sale of cannabis. RCW 69.50.366.

Ladyhelm argues that the WSLCB did not have authority to seize and destroy the

cannabis because the requirement that traceability be "completely up-to-date" does not

necessarily mean contemporaneous and must be understood in the context of the process

to which the requirement is applied. Moreover, Ladyhelm maintains that if cannabis is

traceable, it may not be seized even though it is untagged.

15

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

As explained above, under the plain error standard of review, we are required to give substantial deference to the Board's interpretation of the law in this area because cannabis law is an area that falls within the Board's expertise. The Board concluded that to comply with the regulations, all cannabis "in any form must be physically tagged *and* tracked in the traceability system." CP at 417. The traceability system must be updated even where the cannabis is simply being moved within the licensed premises. The Board determined that Ladyhelm neither physically tagged nor tracked the cannabis in the traceability system as required, and the inventory log that Ladyhelm said it had maintained did not satisfy the requirements. Accordingly, the Board determined that because the cannabis was not possessed in compliance with the rules adopted by the WSLCB, the property was properly seized under RCW 69.50.505(1)(a).

Ladyhelm does not dispute that some of its cannabis was untagged and not properly logged in the traceability system specified by the WSLCB. Instead, it maintains that it kept information required for traceability in a logbook, which was sufficient for compliance with the regulations. Accordingly, Ladyhelm maintains that the WSLCB did not have the authority to seize the cannabis because the cannabis was actually traceable.

The Board determined that an inventory log is insufficient to comply with the law and regulations and that traceability requirements are not suspended during harvest. We agree with the Board's interpretation and application of the regulations. As a result, even though Ladyhelm may have been able to trace the cannabis using its logbook, there is no

16

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

genuine issue of material fact that it failed to comply with traceability requirements in the WSLCB system and also failed to tag the cannabis. Thus, under the statutes and regulations, the WSLCB was authorized to seize and destroy the cannabis.

Ladyhelm argues that the meaning of the requirement that traceability in the WSLCB specified system be kept "completely up-to-date" should be understood in the context of the process to which the traceability requirements are being applied. Without specifying, Ladyhelm argues that some of the information in the traceability system cannot be provided until harvesting is complete. However, Ladyhelm does not explain how or whether this prevented Ladyhelm from entering the information it could provide into the traceability system or how they were prevented from tagging the cannabis.

Finally, Ladyhelm argues that the seizure and the destruction of the cannabis was not authorized because the WSLCB placed an administrative hold on the cannabis, and once an administrative hold was placed, the WSLCB was required to follow the procedures of the administrative hold. As we noted above, this issue was not raised before the Board and we decline to address it in this opinion.

There is no genuine issue of material fact regarding whether the WSLCB had authority to seize and destroy the cannabis because it was not properly tagged and traceable in the online system.

17

No. 38651-1-III
*Ladyhelm Farm, LLC v. Wash. State Liquor & Cannabis Bd.*

We affirm the Board's entry of summary judgment for the WSLCB.

_____
                                    Staab, J.

WE CONCUR:

_____
    Siddoway, C.J.

_____
    Pennell, J.